IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**TERRENCE GEORGE**                                          **PETITIONER**

**v.**                           **CIVIL ACTION NO. 3:24-cv-361-KHJ-MTP**

**WARDEN D. BAYSORE**                             **RESPONDENT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Terrence George's Petition [1] for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Having considered the parties' submissions and the applicable law, the undersigned recommends that the Petition [1] be dismissed with prejudice.

## BACKGROUND

On January 3, 2023, Petitioner was sentenced in the United States District Court for the Southern District of Florida for reentry of a removed alien in violation of 8 U.S.C. § 1326(a). *See* [1] at 1-2. On June 21, 2024, while housed at the Federal Correctional Complex in Yazoo City, Mississippi, Petitioner filed the instant Petition [1] under 28 U.S.C. § 2241, arguing that the Bureau of Prisons ("BOP") refuses to apply First Step Act time credit to his sentence. Respondent filed a Response [9] in Opposition. Petitioner filed no reply.

## ANALYSIS

The First Step Act provides eligible inmates with opportunities to participate in and complete recidivism reduction programs or productive activities which offer the inmates potential reductions in their sentences. *See* 18 U.S.C. § 3632. Petitioner argues that he has earned First Step Act time credit, but the BOP refuses to apply such credit. Petitioner further explains that he is entitled to such credit because his criminal offense—reentry of a removed alien—is not a disqualifying offense under the First Step Act.

1

Respondent counters that Petitioner is ineligible for the application of time credits because he is under a final order of removal and, therefore, the Petition [1] should be dismissed. Indeed, a prisoner with a final order of removal is ineligible to apply time credits. *See* 18 U.S.C. § 3632 (d)(4)(E)(i) ("A prisoner is ineligible to apply time credits . . . if the prisoner is the subject of a final order of removal . . . ); s*ee also Duarte-Varsquez v. Warden*, 2024 WL 4864618, at *3 (E.D. Tex. Oct. 28, 2024) ("a prisoner is ineligible to apply time credits if the prisoner is the subject of a final order of removal"); *Peña v. Warden*, 2024 WL 3174524, at *1 (W.D. La. May 9, 2024) ("prisoners with final orders of removal remain ineligible to apply [First Step Act] credits"); *United States v. Mendoza*, 2025 WL 35878, at *2 (N.D. Tex. Jan. 6, 2025) ("under 18 U.S.C. § 3632 a prisoner is ineligible to apply time credits if he or she is the subject of a final order of removal").

Respondent submits a Notice and Order of Expedited Removal [9-2],[1] stating that Petitioner is a citizen of Guyana and was "found to be inadmissible as charged and ordered removed from the United States." *See* [9-2]. Because Petitioner is subject to a final order of removal, he has failed to demonstrate that he is eligible to apply First Step Act time credit to his sentence. Accordingly, the Petition [1] should be dismissed.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that the Petition for Writ of Habeas Corpus [1] be DISMISSED with prejudice.

---

[1] Courts consider a Notice and Order of Expedited Removal a final order of removal. *See*, *e.g.*, *Batioja Cuero v. Warden, FCI Berlin*, 748 F. Supp. 3d 58, 63 (D.N.H. 2024); *Harinson Moreno Casquete v. United States*, 2025 WL 1371889 (D. Minn. May 12, 2025); *Said v. Underwood*, 2025 WL 90145, at *2 (W.D. Pa. Jan. 14, 2025); *Yakubu v. Joseph*, 2024 WL 4884576, at *4 (D.S.C. Nov. 5, 2024). Petitioner has not argued or responded otherwise.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 22nd day of May, 2025.

s/Michael T. Parker  
UNITED STATES MAGISTRATE JUDGE